UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tracy Maurice Thomas, #25800-056,<br><br>Petitioner,<br><br>vs.<br><br>Warden of FCI-Edgefield,<br><br>Respondent. | C/A No. 2:12-3094-DCN-BHH<br><br>**REPORT AND RECOMMENDATION** |

Tracy Maurice Thomas ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is a federal prisoner incarcerated at the FCI-Edgefield in Edgefield, South Carolina. Petitioner seeks to vacate his sentence imposed in the United States District Court for the Eastern District of North Carolina.

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this court is charged with preliminary review of Petitioner's lawsuit to determine if ". . . it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (the district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Background

Petitioner alleges that he entered a guilty plea in the United States District Court for the Eastern District of North Carolina to "18 U.S.C. 924(c) and 2K2.4 possession of a firearm in relation to crime of violence in drug trafficking." ECF No. 1 at 2; ECF No. 1-3 at 2. This court takes judicial notice that on November 3, 2008, Petitioner pursuant to a plea agreement pled guilty to four counts—possession with intent to distribute a quantity of cocaine base, using and carrying a firearm during and in relation to a drug trafficking crime (two counts), and possession with intent to distribute more than five grams of cocaine base. *See* Order, *Thomas v. United States*, No. 4:08-CR-20-BR (E.D.N.C. Feb. 16, 2012), ECF No. 84. *See also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)

(courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Petitioner was sentenced on July 13, 2009, to 437 months of imprisonment. *See* Order, *Thomas v. United States*, No. 4:08-CR-20-BR (E.D.N.C. Feb. 16, 2012), ECF No. 84. He appealed the conviction, and the Fourth Circuit Court of Appeals affirmed. *Id.* (citing *United States v. Thomas*, 392 F. App'x 210 (4th Cir. 2010)(unpublished)). Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, and the court found that Petitioner was not entitled to relief on any claim he asserted,[2] dismissed the § 2255 Petition, and denied a certificate of appealability. *Id.* In his § 2255 Petition, one of the grounds for relief was based on alleged ineffective assistance of trial counsel in adopting a strategy of pleading guilty and providing cooperation. *Id.* The sentencing court found that,

> [a]lthough the government did not file a substantial assistance motion, at sentencing, trial counsel explained the extent of petitioner's cooperation, (7/13/09 Tr. at 8), and the court sentenced petitioner to the statutory mandatory minimum on two counts and the bottom of the guidelines range on the other two counts. Thus, the strategy did not completely fail, and counsel was not deficient in pursuing the strategy.

*Id.* Petitioner sought to appeal the district court's order denying relief on his § 2255 motion. *See* Opinion, *United States v. Thomas*, No. 4:08-CR-20-BR (4th Cir. May 31, 2012), ECF No. 89. The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *Id.* Thereafter, in the sentencing court, Petitioner

---

2) The sentencing court addressed the merits of three claims, and the remaining claim was waived pursuant to the plea agreement and the court noted that the Court of Appeals had ruled on the issue. *See* Order, *Thomas v. United States*, No. 4:08-CR-20-BR (E.D.N.C. Feb. 16, 2012), ECF No. 84.

3

filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 461 to the U.S. Sentencing Guidelines Manual, which the court denied. *See* Order, *United States v. Thomas*, No. 4:08-CR-20-BR (E.D.N.C. Nov. 29, 2012), ECF No. 94.

In the above-captioned case, Petitioner seeks relief from his sentence, and he seems to request a reduction from 437 months to 300 months. ECF No. 1-2 at 4; ECF No. 1-4 at 4. He alleges that the sentencing court abused its discretion "by imposing a sentence under 18 U.S.C. 924(c) and 2K2.4 possession of a firearm during and in relation to any crime of violence." ECF No. 1 at 3; ECF No. 1-3 at 8. Petitioner further alleges that the sentence was erroneous because the sentencing court abused its discretion by giving an upward adjustment. ECF No. 1-3 at 9. He alleges his sentence was greater than necessary to achieve the standards set forth in 3553(a) and that the guidelines indicated that a term of imprisonment is not required. ECF No. 1-4 at 2.

Moreover, Petitioner requests that this court grant a downward departure "under 5K1.1 motion." ECF No. 1-3 at 10; ECF No. 1-4 at 6. He alleges that he provided substantial assistance to the government, but it failed to file a "motion for substantial assistance." ECF No. 1-4 at 4–5. He alleges that his trial counsel abused his authority "by not pursuing the government to file a motion [for] substantial assistance." *Id.* He alleges that he met with the DEA five times to give interviews. *Id.* He seeks to challenge the government's refusal to file a 5K1.1 motion and requests that this court to investigate whether he provided full assistance. *Id.*

On the court § 2241 form, Petitioner was asked, if he filed a § 2255 motion and it was denied, to "state why your remedy under § 2255 is inadequate or ineffective to test the legality of your detention." ECF No. 1-3 at 4. In response, Petitioner wrote "N/A." *Id.*

## Discussion

The threshold question is whether Petitioner's claims are properly raised in this court pursuant to 28 U.S.C. § 2241. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted). Petitioner is attacking the validity of his 437-month sentence, and this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802 (4th Cir. 2010). Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Id.* The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to

5

>be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006).

In this case, Petitioner wrote "N/A" when he was asked to "state why your remedy under § 2255 is inadequate or ineffective to test the legality of your detention." ECF No. 1-3 at 4. Thus, Petitioner does not allege any reason why the savings clause permits him to bring his claims within the § 2241 Petition before this court. Moreover, this court believes that Petitioner's allegations do not satisfy the savings clause. Petitioner does not allege that, subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which Petitioner was convicted is now deemed not to be criminal. Also, he does not allege that the government's failure to file a motion for downward departure based on substantial assistance was discovered after his direct appeal and first § 2255 motion.[3] Instead, he alleges errors by the sentencing court, his trial counsel, and the government, which alleged errors appear to have been addressed by the sentencing court or could have been raised in that court. Thus, the *In re Jones* savings clause test does not seem applicable to Petitioner's case. Additionally, the reach of the savings clause has not been extended to prisoners who challenge only their sentences.

---

3) Regardless, whether the government improperly refused to file a motion for downward departure based on substantial assistance is an issue usually raised in the sentencing court. *See United States v. Ellerby*, No. 11-5097, 2012 WL 3108616, at *1 (4th Cir. Aug. 1, 2012).

*Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *3 (D.S.C. April 7, 2009).  *See also United States v. Poole*, 531 F.3d 263, 267, n.7 (4th Cir. 2008).  It appears that Petitioner has tried unsuccessfully to persuade the sentencing court to vacate or lower his sentence, and because he has not been successful he brings this action hoping to convince a different court.  However, because the savings clause does not apply to this case, this court is not permitted to entertain this action.  *See* 28 U.S.C. § 2255(e).

Recommendation

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring Respondent to file an answer or return.  *Petitioner's attention is directed to the important notice on the next page.*

s/Bruce Howe Hendricks<br>United States Magistrate Judge

January 16, 2013
Charleston, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).